## CORPORATION COMMISSION OF NORTH CAROLINA v. WILLIAM SCHOENHEIT.

(Filed 30 November, 1932.)

(For digest see *Hood, Comr., v. Martin, post,* 620.)

APPEAL by defendant from *MacRae, J.,* at April Term, 1932, of BUNCOMBE. Reversed.

This is an appeal by the defendant, William Schoenheit, from an assessment made and docketed in the office of the clerk of the Superior Court of Buncombe County, on 16 February, 1931, by the Corporation Commission of North Carolina as authorized by statute, to enforce the statutory liability of the said William Schoenheit as a stockholder of the Central Bank and Trust Company, an insolvent banking corporation organized under the laws of this State, and prior to 20 November, 1930, doing business at Asheville, N. C.

The appeal was tried at April Term, 1932, of the Superior Court of Buncombe County, on the issues raised by the pleading.

From judgment affirming the assessment docketed in the office of the clerk of the Superior Court of Buncombe County, on 16 February, 1931, against the defendant he appealed to the Supreme Court.

*Johnson, Smathers & Rollins for plaintiff.*
*Martin & Martin for defendant.*

CLARKSON, J. The record discloses "It further appearing to the court that all parties consented to waive a jury trial and agreed that his Honor might find the facts and make his conclusions of law thereon and after considering the evidence and the argument of counsel, the court finds the following facts (setting same forth). . . . From the foregoing facts the court finds the following conclusions of law: That the defendant was guilty of no laches or negligence in not repudiating the purchase of said stock between 2 May, 1928, and 19 November, 1930. That the defendant was not guilty of laches after the failure of said Central Bank and Trust Company on 19 November, 1930, and that he took prompt action to repudiate the stock assessment against him, employed counsel, filed an answer denying liability for said stock assessment on the grounds set out in said answer and on the basis of testimony offered on the trial of this cause."

The question presented by this appeal is identical with that this day decided in *Hood v. Martin, post,* 620, and is governed in all respects by the principles therein set forth. The judgment of the court below is

Reversed.

CONNOR, J., dissents.